# *EXHIBIT E*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC | Case No. 2:22-cv-10395 |
| *Plaintiff*, | Hon. Laurie J. Michelson |
| v. | Magistrate Elizabeth A. Stafford |
| KEVRON INVESTMENTS, INC., | |
| *Defendant*. | |

## PLAINTIFF UNITED WHOLESALE MORTGAGE, LLC'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT KEVRON INVESTMENTS, INC.'S FIRST REQUESTS FOR PRODUCTION

Plaintiff United Wholesale Mortgage, LLC ("UWM") submits the following supplemental responses to defendant Kevron Investments, Inc.'s ("Kevron") First Requests for Production.

## PRELIMINARY STATEMENT

These responses are not applicable to other cases, facts, or circumstances, or the rules and laws of any other jurisdiction concerning discovery, theories, or causes of action.

UWM provides these responses subject to the requirements of the Federal Rules of Civil Procedure and any applicable local rules of practice, without regard to any "instructions" from Kevron inconsistent therewith, and based upon

information that is available at the present time after a reasonable search and investigation for readily available information or documents from readily available sources where responsive information reasonably would be expected to be found. Discovery, investigation, and analysis of this matter are continuing. Unless expressly stated, no objection, response, or limitation, or lack thereof shall be deemed an admission as to the existence or nonexistence of documents or information. By agreeing to search for documents or information, UWM does not concede that the documents or information presently exists or ever existed.

Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection is neither intended, nor should be interpreted, as evidence that UWM does not object to a Request on the basis of an applicable privilege, immunity, or protection. Likewise, the assertion of one or more privileges or protections does not constitute a waiver of any other privilege or protection that might apply.

This Preliminary Statement is incorporated into all responses by reference as though fully set forth verbatim therein.

## RESPONSES TO REQUESTS FOR PRODUCTION

**<u>REQUEST FOR PRODUCTION NO. 1:</u>** Produce all documents that refer or relate to the defendants regarding the allegations in your complaint.

<u>RESPONSE:</u> UWM will conduct a reasonable search and produce any non-privileged, responsive documents identified in its possession, custody, or control that relate to: a) Kevron's agreement to the Wholesale Broker Agreement between Kevron and UWM, including all amendments thereto; b) UWM's announcement of its "All-In Initiative"; and c) Kevron's submission of mortgage loans to Select Retail Lenders since March 2021.

UWM otherwise objects to this Request because it does not describe with reasonable particularity the documents requested. UWM further objects to this Request as overly broad because it requests UWM produce "all" documents that may bear upon the subject matter of this lawsuit regardless of who possesses such documents or where such documents may be located. UWM further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege or work-product protection. Except as specifically stated, in reliance on these objections, UWM will not undertake a search for documents in response to this Request.

**<u>SUPPLEMENTAL RESPONSE:</u>   UWM refers Kevron to: a) Documents produced as UWM-Kevron 000001-000030 and UWM-Kevron 000033, which relate to Kevron's agreement to the Wholesale Broker Agreement between Kevron and UWM, including all amendments thereto; b) Documents produced as UWM-Kevron 000009-0000028 and UWM-Kevron 000030, which relate to**

UWM's announcement of its "All-In Initiative"; and c) Documents produced as UWM-Kevron 000031-0000032 and UWM-Kevron 000034-000037, which relate to Kevron's submission of mortgage loans to Select Retail Lenders since March 2021. UWM also refers Kevron to UWM's March 4, 2021 announcement of its "All-In Initiative," which can be viewed with the following link: [https://www.facebook.com/UnitedWholesaleMortgage/videos/845176203005957/](https://www.facebook.com/UnitedWholesaleMortgage/videos/845176203005957/).

UWM otherwise objects to this Request because it does not describe with reasonable particularity the documents requested. UWM further objects to this Request as overly broad because it requests UWM produce "all" documents that may bear upon the subject matter of this lawsuit regardless of who possesses such documents or where such documents may be located. UWM further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege or work-product protection. Except as specifically stated, in reliance on these objections, UWM will not undertake a search for documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents that refer or relate to all damages, losses of any kind or form, expenses, and costs that you claim to have incurred or will incur, as a result of the conduct alleged in your complaint.

4

<u>RESPONSE:</u> UWM directs Kevron to the Wholesale Broker Agreement attached as Exhibit 2 to the Complaint, which details UWM's liquidated damages. UWM will also conduct a reasonable search and produce any non-privileged, responsive documents identified in its possession, custody, or control that expressly address damages, losses, expenses, or costs relating to Kevron's breach of the Wholesale Broker Agreement.

UWM otherwise objects to this Request as irrelevant, premature, unduly burdensome, and not proportional to the needs of the case, because it contravenes Kevron's express contractual acknowledgement that such damages "may be difficult, if not impossible, to ascertain" and because undertaking discovery regarding actual damages would defeat the point of the liquidated-damages clause in the Wholesale Broker Agreement, as amended. Except as specifically stated, in reliance on these objections, UWM will not undertake a search for documents in response to this Request.

**<u>SUPPLEMENTAL RESPONSE:</u>   UWM directs Kevron to the Wholesale Broker Agreement attached as Exhibit 2 to the Complaint and produced as UWM-Kevron 000009-000028, which details UWM's liquidated damages.**

**UWM states that Kevron's submission of loans to the Select Retail Lenders effectively resulted in UWM helping to fund those Select Retail Lenders whose business models hurt the wholesale mortgage channel, the**

continued strength on which UWM relies. UWM contends the Select Retail Lenders have led or will lead to independent mortgage brokers going out of business because the Select Retail Lenders directly solicit loan officers, talk negatively about brokers, solicit brokers' past clients, and independently contact real estate agents in an effort to cut out brokers from mortgage transactions. Without independent mortgage brokers, UWM's business model is hamstrung, if not eliminated. Therefore, Kevron's breach of the Wholesale Broker Agreement through its submission of loans to Select Retail Lenders damaged UWM in that UWM was supporting Kevron with UWM's technology, service, and other benefits and administrative costs, while Kevron was working with the Select Retail Lenders to hurt the rest of the broker channel by funding the competition of brokers and the competition of the wholesale mortgage channel. In other words, Kevron's breach damaged UWM because though UWM was providing a benefit, financial and otherwise, to Kevron under the Wholesale Broker Agreement, Kevron's support of the Select Retail Lenders was directly harming UWM's ability to continue to do business.

UWM refers Kevron to the documents produced as UWM-Kevron 000038-003449, which recite the many benefits UWM provides to brokers like Kevron in exchange for performance under the Wholesale Broker Agreement

and which support the ways UWM was damaged by Kevron's breach of the All-In Addendum.

UWM otherwise objects to this Request on the ground that it is irrelevant and not proportional to the needs of this case because UWM's actual "damages, losses of any kind or form, expenses, and costs" resulting from Kevron's breaches of the Wholesale Broker Agreement do not relate to the enforceability of UWM's liquidated damages. UWM further objects to this Request as irrelevant, premature, unduly burdensome, and not proportional to the needs of the case, because it contravenes Kevron's express contractual acknowledgement that such damages "may be difficult, if not impossible, to ascertain" and because undertaking discovery regarding actual "damages, losses of any kind or form, expenses, and costs" would defeat the point of the liquidated-damages clause in the Wholesale Broker Agreement, as amended.

Except as specifically stated, in reliance on these objections, UWM will not undertake a search for documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:** Produce all declarations or witness statements that evidence or relate to the claims you assert in your complaint.

<u>RESPONSE:</u> UWM will conduct a reasonable search and produce any non-privileged, responsive documents identified in its possession, custody, or control that constitute declarations made by any non-UWM personnel.

UWM otherwise objects to this Request on the basis of the attorney-client privilege and work-product protection to the extent it applies to UWM personnel, and will not undertake the burden of searching for and logging such documents, which are not within the scope of a proper discovery request.

**<u>SUPPLEMENTAL RESPONSE:</u> UWM refers Kevron to the document produced as UWM-Kevron 000035-000037. UWM has conducted a reasonable search for but has not located any non-privileged, responsive documents in its possession, custody, or control that constitute declarations made by any non-UWM personnel.**

**UWM otherwise objects to this Request on the basis of the attorney-client privilege and work-product protection to the extent it applies to UWM personnel and will not undertake the burden of searching for and logging such documents, which are not within the scope of a proper discovery request.**

**<u>REQUEST FOR PRODUCTION NO. 4:</u>** Produce all diaries, calendars, notes, memoranda, reports or other writings prepared on behalf of the plaintiff concerning

or relating to any matter, including but not limited to claimed damages, as alleged in the complaint.

**RESPONSE: UWM objects to this Request as duplicative. UWM adopts and incorporates its objections and responses to Request for Production No. 1.**

**REQUEST FOR PRODUCTION NO. 5:**  Produce all letters, correspondence, or documents sent to or received from persons, other than your own attorney, relating in any way to the allegations in the Complaint.

**RESPONSE: UWM objects to this Request as duplicative. UWM adopts and incorporates its objections and responses to Request for Production No. 1.**

**REQUEST FOR PRODUCTION NO. 6:**  Produce all documents which in any way could potentially support plaintiff's theory of liability against defendant, or which otherwise relate to the allegations set forth in your complaint.

**RESPONSE: UWM objects to this Request as vague and because it does not describe with reasonable particularity the documents requested, in that it refers to documents which "in any way could potentially support" liability. UWM further objects to this Request as duplicative. UWM adopts and incorporates its objections and responses to Request for Production No. 1.**

**REQUEST FOR PRODUCTION NO. 7:** Produce any and all documents exchanged with any witness who will be identified in plaintiff's preliminary list of witnesses and exhibits, including any and all documents related in any matter to the allegations as presented in your complaint.

RESPONSE: UWM will conduct a reasonable search and produce any non-privileged, responsive documents identified in its possession, custody, or control that were exchanged with any non-UWM personnel witness.

UWM otherwise objects to this Request on the basis of the attorney-client privilege and work-product protection to the extent it applies to UWM personnel, and will not undertake the burden of searching for and logging such documents, which are not within the scope of a proper discovery request. UWM further objects to this Request as premature, because UWM has not formed an expectation as to who will be identified in its witness list.

**SUPPLEMENTAL RESPONSE: UWM has conducted a reasonable search for but has not located any non-privileged, responsive documents in its possession, custody, or control that were exchanged with any non-UWM personnel witness.**

**UWM otherwise objects to this Request on the basis of the attorney-client privilege and work-product protection to the extent it applies to UWM personnel and will not undertake the burden of searching for and logging such documents, which are not within the scope of a proper discovery request.**

**REQUEST FOR PRODUCTION NO. 8:** Produce all reports or memoranda prepared by any person who may be called as an expert witness in this cause, together with all correspondence, notes or other writings exchanged between the plaintiff (or any person or entity acting on behalf of the plaintiff) and any such expert, and all materials, information or things that have been provided to any such expert concerning the nature of this case.

RESPONSE: UWM objects to this Request as premature and because it seeks information outside the scope of allowable discovery under the Federal Rules of Civil Procedure. UWM will identify any experts it intends to call at the trial of this matter, and will produce information and documents required by the Federal Rules of Civil Procedure, in accordance with the court's scheduling order.

**SUPPLEMENTAL RESPONSE: UWM states that currently it does not intend to use a witness at trial to present evidence under Fed. R. Civ. P. 702, 703, or 705. UWM reserves its right to identify such witnesses in accordance with the Court's scheduling orders and it reserves its right to identify experts in rebuttal to any experts Kevron may identify.**

**UWM otherwise objects to this Request because it seeks information outside the scope of allowable discovery under the Federal Rules of Civil Procedure.**

11

**REQUEST FOR PRODUCTION NO. 9:**  Produce a curriculum vitae for all experts retained by you in connection with this litigation and a list of the cases in which each has testified.

RESPONSE: UWM objects to this Request as premature and because it seeks information outside the scope of allowable discovery under the Federal Rules of Civil Procedure. UWM will identify any experts it intends to call at the trial of this matter, and will produce information and documents required by the Federal Rules of Civil Procedure, in accordance with the court's scheduling order.

**SUPPLEMENTAL RESPONSE:** **UWM states that currently it does not intend to use a witness at trial to present evidence under Fed. R. Civ. P. 702, 703, or 705. UWM reserves its right to identify such witnesses in accordance with the Court's scheduling orders and it reserves its right to identify experts in rebuttal to any experts Kevron may identify.**

**UWM otherwise objects to this Request because it seeks information outside the scope of allowable discovery under the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents or tangible things prepared by any expert whom you expect to call as a witness, including but

not limited any report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

RESPONSE: UWM objects to this Request as premature and because it seeks information outside the scope of allowable discovery under the Federal Rules of Civil Procedure. UWM will identify any experts it intends to call at the trial of this matter, and will produce information and documents required by the Federal Rules of Civil Procedure, in accordance with the court's scheduling order.

**SUPPLEMENTAL RESPONSE: UWM states that currently it does not intend to use a witness at trial to present evidence under Fed. R. Civ. P. 702, 703, or 705.   UWM reserves its right to identify such witnesses in accordance with the Court's scheduling orders and it reserves its right to identify experts in rebuttal to any experts Kevron may identify.**

**UWM otherwise objects to this Request because it seeks information outside the scope of allowable discovery under the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 11:** Produce any and all recordings of phone calls made between any representative of Plaintiff and Kevron between October January 2021 and August 2021.

RESPONSE: UWM will conduct a reasonable search and produce any non-privileged, responsive recordings identified in its possession, custody, or control.

**SUPPLEMENTAL RESPONSE**:   **UWM has conducted a reasonable search and does not have any documents response to this request.**

**REQUEST FOR PRODUCTION NO. 12:** Please produce a list of all 22 mortgage loans plaintiff alleges Kevron sent to Select Retail Lenders.

RESPONSE: UWM will conduct a reasonable search and produce any non-privileged, responsive documents identified in its possession, custody, or control that suffice to identify mortgage loans Kevron sent to Select Retail Lenders.

UWM otherwise objects to this Request as improper under the Federal Rules of Civil Procedure to the extent that it purports to require UWM to create a document (a "list") if it does not exist.

**SUPPLEMENTAL RESPONSE:** **UWM refers Kevron to the document produced as UWM-Kevron 000034.**

**UWM otherwise objects to this Request as improper under the Federal Rules of Civil Procedure to the extent that it purports to require UWM to create a document (a "list") if it does not exist.**

**REQUEST FOR PRODUCTION NO. 13:** Please produce a document showing the amount of revenue UWM generated from Kevron for each month from July 2019 until February 2022.

RESPONSE: UWM objects to this Request as irrelevant, unduly burdensome, harassing, and not proportional to the needs of the case, because the revenue UWM generated from Kevron (both in the aggregate and even more so on a monthly basis) has nothing to do with any claim, damages, or defense at issue in this case. UWM further objects to this Request as unduly burdensome, harassing, and not proportional to the needs of the case to the extent that identifying the requested information would require undue cost or effort, if possible at all. In reliance on these objections, UWM will not undertake a search for documents in response to this Request.

**SUPPLEMENTAL RESPONSE: UWM refers Kevron to UWM's supplemental response to Interrogatory No. 15 of Kevron's First Interrogatories**

**UWM otherwise objects to this Request as irrelevant, unduly burdensome, harassing, and not proportional to the needs of the case, because the revenue UWM generated from Kevron (both in the aggregate and even more so on a monthly basis) has nothing to do with any claim, damages, or defense at issue in this case. UWM further objects to this Request as unduly**

burdensome, harassing, and not proportional to the needs of the case to the extent that identifying the requested information would require undue cost or effort, if possible at all. UWM otherwise objects to this Request as improper under the Federal Rules of Civil Procedure to the extent that it purports to require UWM to create a document if it does not exist. In reliance on these objections, UWM will not undertake a search for documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:** Please produce a copy of internal emails that are not subject to attorney client privilege that are related to plaintiff's decision to enforce its in All-In-Addendum against Kevron or any other mortgage broker from July 2019 until February 2022.

**RESPONSE:** UWM objects to this Request as irrelevant, unduly burdensome, and not proportional to the needs of the case, because UWM's decision to enforce its contractual rights (even as to Kevron, much less other mortgage brokers) has nothing to do with any claim, damages, or defense at issue in this case. UWM further objects to this Request to the extent it seeks documents or information protected from disclosure by the work-product protection. In reliance on these objections, UWM will not undertake a search for documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:** In your initial disclosures, you identify "[d]ocuments evidencing Kevron's assent addendums to the Agreement, including addendums that included the All-In-Addendum provisions." Please produce.

RESPONSE: UWM will conduct a reasonable search and produce any non-privileged, responsive documents identified in its possession, custody, or control.

**SUPPLEMENTAL RESPONSE: UWM refers Kevron to documents produced as UWM-Kevron 000001-0000030, UWM-Kevron 000033, and UWM-Kevron 000035.**


**REQUEST FOR PRODUCTION NO. 16:** In your initial disclosures, you identify "UWM's announcements relating to the All-In-Addendum provisions." Please produce.

RESPONSE: UWM will conduct a reasonable search and produce any non-privileged, responsive documents identified in its possession, custody, or control.

**SUPPLEMENTAL RESPONSE: UWM refers Kevron to documents produced as UWM-Kevron 000009-0000028 and UWM-Kevron 000030 and to UWM's March 4, 2021 announcement of its "All-In Initiative," which can be viewed with the following link:**

https://www.facebook.com/UnitedWholesaleMortgage/videos/8451762030059 5 7/.

**REQUEST FOR PRODUCTION NO. 17:** In your initial disclosures, you identify "[c]orrespondence between UWM and Kevron relating to Kevron's assent to the Amend Agreement, including the All-In-Addendum provisions." Please produce.

RESPONSE: UWM will conduct a reasonable search and produce any non-privileged, responsive documents identified in its possession, custody, or control.

**SUPPLEMENTAL RESPONSE: UWM refers Kevron to documents produced as UWM-Kevron 000001-0000030, UWM-Kevron 000033, and UWM-Kevron 000035.**

**REQUEST FOR PRODUCTION NO. 18:** In your initial disclosures, you identify "[d]ocuments evidencing Kevron's submission of any mortgage loan or mortgage loan application to Rocket Mortgage or Fairway Independent Mortgage for review, underwriting, purchase, and/or funding since March 4, 2021." Please produce.

RESPONSE: UWM will conduct a reasonable search and produce any non-privileged, responsive documents identified in its possession, custody, or control.

**SUPPLEMENTAL RESPONSE: UWM refers Kevron to documents produced as UWM-Kevron 000031-0000032 and UWM-Kevron 000034-000037.**

**REQUEST FOR PRODUCTION NO. 19:** In your initial disclosures, you identify "[c]orrespondence between UWM and Kevron relating to Kevron's breach of the Agreement." Please produce.

RESPONSE: UWM will conduct a reasonable search and produce any non-privileged, responsive documents identified in its possession, custody, or control.

**SUPPLEMENTAL RESPONSE: UWM refers Kevron to documents produced as UWM-Kevron 000031-0000032.**

Respectfully submitted,

By: */s/ Lane Morrison*
Moheeb H. Murray (P63893)
William E. McDonald, III (P76709)
Mahde Y. Abdallah (P80121)
**BUSH SEYFERTH PLLC**
100 West Big Beaver Road, Suite 400
Troy, MI 48084
T/F: (248) 822-7800
murray@bsplaw.com
mcdonald@bsplaw.com
abdallah@bsplaw.com

A. Lane Morrison
**BUSH SEYFERTH PLLC**
5810 Wilson Road, Suite 125
Humble, TX 77396
T/F: (281) 930-6853
morrison@bsplaw.com

Dated: August 10, 2023           *Attorneys for United Wholesale Mortgage, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 10, 2023, I served a copy of the foregoing document

on all attorneys of record via email at the addresses below.

William S. Cook (P68934)
Matthew J. High (P82783)
17197 N. Laurel Park Drive
Suite 201
Livonia, Michigan 48152
Phone: (313) 327-3100
William.cook@wilsonelser.com
Matthew.high@wilsonelser.com
*Attorneys for Defendant Kevron Investments, Inc.*

*/s/ Lane Morrison*
Lane Morrison