# *EXHIBIT F*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>KEVRON INVESTMENTS, INC.,<br><br>*Defendant*. | Case No. 2:22-cv-10395<br><br>Hon. Laurie J. Michelson<br><br>Magistrate Elizabeth A. Stafford |

## PLAINTIFF UNITED WHOLESALE MORTGAGE, LLC'S RESPONSES TO DEFENDANT KEVRON INVESTMENTS, INC.'S SECOND INTERROGATORIES AND THIRD REQUESTS FOR PRODUCTION

Plaintiff United Wholesale Mortgage, LLC ("UWM") submits the following responses to defendant Kevron Investments, Inc.'s ("Kevron") Second Interrogatories and Third Requests for Production.

### PRELIMINARY STATEMENT

These responses are not applicable to other cases, facts, or circumstances, or the rules and laws of any other jurisdiction concerning discovery, theories, or causes of action.

UWM provides these responses subject to the requirements of the Federal Rules of Civil Procedure and any applicable local rules of practice, without regard to any "instructions" from Kevron inconsistent therewith, and based upon

information that is available at the present time after a reasonable search and investigation for readily available information or documents from readily available sources where responsive information reasonably would be expected to be found. Discovery, investigation, and analysis of this matter are continuing. Unless expressly stated, no objection, response, or limitation, or lack thereof shall be deemed an admission as to the existence or nonexistence of documents or information. By agreeing to search for documents or information, UWM does not concede that the documents or information presently exists or ever existed.

Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection is neither intended, nor should be interpreted, as evidence that UWM does not object to a Request on the basis of an applicable privilege, immunity, or protection. Likewise, the assertion of one or more privileges or protections does not constitute a waiver of any other privilege or protection that might apply.

This Preliminary Statement is incorporated into all responses by reference as though fully set forth verbatim therein.

## RESPONSES TO SECOND INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the category of damages UWM claims it suffered as a result of Kevron's alleged breach.

**RESPONSE:** UWM directs Kevron to the Wholesale Broker Agreement attached as Exhibit 2 to the Complaint, which details UWM's liquidated damages.

UWM further states that it suffered compensatory damages, loss of goodwill, and consequential damages as a result of Kevron's breach of the Wholesale Broker Agreement. Specifically, Kevron's submission of loans to Select Retail Lenders effectively resulted in UWM helping to fund those Select Retail Lenders whose business models hurt the wholesale mortgage channel, the continued strength on which UWM relies. UWM contends the Select Retail Lenders have led or will lead to independent mortgage brokers going out of business because the Select Retail Lenders directly solicit loan officers, talk negatively about brokers, solicit brokers' past clients, and independently contact real estate agents in an effort to cut out brokers from mortgage transactions. Without independent mortgage brokers, UWM's business model is hamstrung, if not eliminated. Therefore, Kevron's breach of the Wholesale Broker Agreement through its submission of loans to Select Retail Lenders damaged UWM in that UWM was supporting Kevron with UWM's technology, service, and other benefits and administrative costs, while Kevron was working with the Select Retail Lenders to hurt the rest of the broker channel by funding the competition of brokers and the competition of the wholesale mortgage

channel. In other words, Kevron's breach damaged UWM because though UWM was providing a benefit, financial and otherwise, to Kevron under the Wholesale Broker Agreement, Kevron's support of the Select Retail Lenders was directly harming UWM's ability to continue to do business.

Further, Kevron's breaches of the Wholesale Broker Agreement damage UWM because UWM's goodwill and continuing relationships with other independent mortgage brokers are eroded where those brokers who abide by the Wholesale Broker Agreement learn that brokers like Kevron are violating the Wholesale Broker Agreement. Kevron's breaches, especially if left unenforced by UWM, entice other brokers to also breach their agreements with UWM or will cause them to end their relationships with UWM, resulting in fewer loans to UWM.

UWM otherwise objects to this Interrogatory as irrelevant, premature, unduly burdensome, and not proportional to the needs of the case, because it contravenes Kevron's express contractual acknowledgement that such damages "may be difficult, if not impossible, to ascertain" and because undertaking discovery regarding actual damages would defeat the point of the liquidated-damages clause in the Wholesale Broker Agreement, as amended.

4

**INTERROGATORY NO. 2:** Identify all UWM representatives who can testify regarding the damages it allegedly suffered.

**RESPONSE: To the extent this Interrogatory requests information about which UWM employees or agents may have knowledge of Kevron's contractual relationship with UWM, UWM states that various employees or agents may have such knowledge. After a reasonably diligent investigation, UWM has identified the following persons as having knowledge of facts that relate to: a) Kevron's agreement to the Wholesale Broker Agreement between Kevron and UWM, including all amendments thereto; b) UWM's announcement of its "All-In Initiative"; and c) Kevron's submission of mortgage loans to Select Retail Lenders since March 2021: Allen Beydoun and Ken Chapman.**

**UWM otherwise objects to this Interrogatory as improper. Pursuant to Fed. R. Civ. P. 30(b)(6), where a party seeks information from a corporation or other business entity through "representatives" who can speak on its behalf, the requesting party must issue a deposition notice that names that corporation or business entity as the deponent and "describe[s] with reasonable particularity the matters for examination." In response, "the named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf" and "set out the matters on which each person designated will testify." UWM will**

5

**provide a timely response to any such properly served deposition notice. UWM further objects to this Interrogatory as vague, overly broad, and not proportional to the needs of the case, as identifying each and every employee who may have information or opinions about how Kevron damages UWM would be unduly burdensome.**

**RESPONSES TO THIRD REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce documents that show the category of damages UWM claims it suffered as a result of Kevron's alleged breach.

**RESPONSE: UWM directs Kevron to the Wholesale Broker Agreement attached as Exhibit 2 to the Complaint, which details UWM's liquidated damages. UWM refers Kevron to UWM's March 4, 2021 announcement of its "All-In Initiative," which can be viewed with the following link: https://www.facebook.com/UnitedWholesaleMortgage/videos/845176203005957/.**

**UWM otherwise objects to this Request on the ground it seeks documents protected by the attorney work-product privilege. UWM further objects to this Request on the grounds that the "category of damages" UWM suffered as a result of Kevron's breach is overly broad and unduly burdensome. UWM further objects to this request because UWM's damages are uncertain and difficult to ascertain or of a purely speculative nature.**

Respectfully submitted,

By: */s/ Moheeb H. Murray*
Moheeb H. Murray (P63893)
William E. McDonald, III (P76709)
Roger P. Meyers (P73255)
Mahde Y. Abdallah (P80121)
**BUSH SEYFERTH PLLC**
100 West Big Beaver Road, Suite 400
Troy, MI 48084
T/F: (248) 822-7800
mcdonald@bsplaw.com
meyers@bsplaw.com
abdallah@bsplaw.com

A. Lane Morrison
**BUSH SEYFERTH PLLC**
5810 Wilson Road, Suite 125
Humble, TX 77396
T/F: (281) 930-6853
morrison@bsplaw.com

Dated: February 17, 2023        *Attorneys for United Wholesale Mortgage, LLC*

7

## CERTIFICATE OF SERVICE

I certify that on February 17, 2023, I served a copy of the foregoing document on all attorneys of record via email at the addresses below.

William S. Cook (P68934)
Matthew J. High (P82783)
17197 N. Laurel Park Dr., Suite 201
Livonia, Michigan 48152
Phone: (313) 327-3100
william.cook@wilsonelser.com
matthew.high@wilsonelser.com
*Attorneys for Defendant Kevron Investments, Inc.*

>*/s/ Christina Jakubowski*
>Christina Jakubowski